**Marisol Mancera LUNA, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

**No. 06–71187.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 5, 2008.

Filed June 9, 2008.

Stephen V. Masterson, David G. Meyer, Stephanie A. Stroup, Howrey Simon Arnold & White, LLP, Los Angeles, CA, for Petitioner.

Marisol Mancera Luna pro se.

CAC–District Counsel, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, R. Alexander Goring, OIL, Nairi M. Simonian, Jeffrey J. Bernstein, U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: THOMPSON, O'SCANNLAIN, and TALLMAN, Circuit Judges.

ORDER OF DISMISSAL *

Marisol Mancera Luna filed this timely petition for review after the Board of Immigration Appeals (BIA) affirmed the Im-

---

* This disposition is not appropriate for publication and *is not precedent except as provided* by 9th Cir. R. 36–3.

migration Judge's (IJ) denial of her application for cancellation of removal. The facts are known to the parties and will not be repeated here. We dismiss the petition for review for lack of jurisdiction.

We may review a final order of removal only if "the alien has exhausted all administrative remedies available to the alien as of right." 8 U.S.C. § 1252(d)(1). An alien's failure to raise an issue to the BIA generally constitutes failure to exhaust, depriving this court of jurisdiction to consider the issue. *Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir.2004). An alien "cannot satisfy the exhaustion requirement by making a general challenge to the IJ's decision, but, rather, must specify which issues form the basis of the appeal." *Zara v. Ashcroft*, 383 F.3d 927, 930 (9th Cir. 2004). However, claims may be exhausted even if the alien does not use precise legal language so long as the alien provides the BIA with "sufficient reason to be aware of, and opportunity to review" her claim. *Ladha v. INS*, 215 F.3d 889, 901 n. 13 (9th Cir.2000). Additionally, for the purposes of exhaustion, pro se petitions are held to a more lenient standard than counseled petitions. *See Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976).

Even liberally construing Luna's notice of appeal and BIA brief, she did not raise the due process claims she presents in her petition for review. *See Barron*, 358 F.3d at 676; *Zara*, 383 F.3d at 930. Neither her notice of appeal nor her BIA brief mention the alleged abuse she and her sister suffered at the hands of their father nor claim that the IJ erred by failing to consider such abuse when making the hardship determination. Likewise, she never mentioned the psychologist's report she now claims the IJ erred in refusing to consider. Rather, the focus of Luna's BIA appeal was her contention that the IJ erred in not considering her allegations of domestic abuse. Luna's claims are there-fore unexhausted and we lack jurisdiction to consider them. *See Barron*, 358 F.3d at 678.

The petition for review is DISMISSED.